299 So.2d 341

**Orvilet ABLES, alias**

**v.**

**STATE.**

**8 Div. 265.**

Court of Criminal Appeals of Alabama.

June 28, 1974.

Rehearing Denied July 30, 1974.

Joe Gilliland and Bedford & Bedford, Russellville, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

**CATES, Presiding Judge.**

Murder in the second degree: sentence, thirty-five years imprisonment.

### I

This case (brought on appeal by a lawyer other than trial counsel) arose out of the same slaying which was the subject matter of Crouch v. State (1974) 53 Ala. App. 261, 299 So.2d 305. The evidence in the instant record is more detailed and here Ables testified that Crouch was the sole culprit. The State again relied on—inter alia—the testimony of Junior Scott which tended to fasten the guilt on both Ables and Crouch.

### II

The only point reasonably arguable within the confines of Code 1940, T. 15, § 389 and Supreme Court Rule 45 is the claimed applicability of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

Here, Ables notified—from the county jail—a State investigator, Dexter Haney, that he, Ables, wanted to talk to Haney. This resulted in an exculpatory statement which Haney, over defense objection, was allowed to relate to the jury.

Theretofore, the defendant's family had retained—apparently without full payment —the services of an attorney. This lawyer later represented Ables at arraignment and trial.

At the time of the statement, however, according to Haney, Ables related that he was getting rid of the retained lawyer and planned later to ask for court-appointed counsel. Haney testified that Ables seemed to believe either that the lawyer had given up practice—his telephone having been disconnected—or that the lawyer was trying to sequester Ables's car for his fee. Ables tried to put a different light on this.

In this context we consider that the trial judge was justified in allowing the jury to hear Haney's version of this episode and the consequent statement. When credited to the required degree, this testimony clearly showed that Haney was not going behind the lawyer's back. *Massiah*, supra, is distinguishable.

We have carefully considered the entire record, including each and every ruling adverse to the appellant. From this examination we conclude that the lower court's judgment should be.

Affirmed.

All the Judges concur.